# United States Court of Appeals
## For the First Circuit

No. 19-1152

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN CARLOS CASTILLO-VAZQUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

Fernando O. Zambrana Avilés and Colon Serrano Zambrana, LLC
on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-
Almonte, Assistant United States Attorney, and Julia M.
Meconiates, Assistant United States Attorney, on brief for
appellee.

April 16, 2021

**LYNCH**, **Circuit Judge**. Juan Carlos Castillo-Vazquez was caught 39 nautical miles south of Puerto Rico smuggling 900 kilograms of cocaine into the United States on a 30-foot vessel. The district court sentenced him to 135 months' imprisonment. Castillo appeals his sentence on the grounds that the district court erred in refusing to grant a two-level reduction to his offense level based on his allegedly minor role in the offense or a departure based on Castillo's family ties and responsibilities. We affirm.

**I.**

On March 1, 2018, a Caribbean Air Marine Branch Maritime Patrol Aircraft observed a thirty-foot vessel loaded with packages travelling at high speed south of Ponce, Puerto Rico. The U.S. Coast Guard intercepted the vessel, seized thirty packages of cocaine weighing approximately 900 kilograms, and arrested the three men on the vessel. Castillo was one of these crew members.

On March 7, 2018, Castillo was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70502, 70503, and 70506, aiding and abetting in the possession with intent to distribute five kilograms or more of cocaine in violation of 46 U.S.C. §§ 70502, 70503, and 70506, and conspiracy to possess with intent to distribute for the purpose of unlawfully importing more than five

kilograms of cocaine into the United States in violation of 21 U.S.C. §§ 959, 960, and 963. Castillo pled guilty on all charges.

The Probation office filed an initial Presentence Report ("PSR") which calculated Castillo's advisory guidelines range to be 168 to 210 months' imprisonment and did not identify any grounds for a departure. The PSR was amended after Castillo participated in a safety-valve debriefing, which earned him a two-level reduction resulting in a guidelines range of 135 to 168 months. See 18 U.S.C. § 3553(f).

On January 14, 2019, Castillo filed a sentencing memorandum requesting that the court impose the statutory mandatory minimum sentence of 120 months' imprisonment and arguing that Castillo should receive a two-level reduction under USSG § 3B1.2(b) for his minor role in the offense and a downward departure from the guidelines range in light of his familial ties and responsibilities under USSG § 5H1.6. The government did not file a sentencing memorandum.

At the sentencing hearing on January 24, 2019, Castillo presented the arguments in his sentencing memorandum and the government advocated for a middle-of-the-guidelines sentence of 150 months' imprisonment. The district court then confirmed that it had read Castillo's sentencing memorandum and explained its calculation of the guidelines sentencing range. It sentenced

Castillo to 135 months' imprisonment -- the bottom of the guidelines range -- on each count, to be served concurrently, and five years of supervised release. It stated that "a sentence at the lower end of the guideline range reflects the seriousness of the offense, promotes respect for the law, protects the public from further crimes by Mr. Castillo, and addresses the issues of deterrence and punishment."

After the sentence was announced, Castillo requested that the district court explain why it did not grant a reduction under USSG § 3B1.2(b) for Castillo's minor role in the offense or a departure under USSG § 5H1.6 based on Castillo's family ties and responsibilities. As to Castillo's role in the offense, the district court explained that under the First Circuit decision in United States v. Arias-Mercedes, 901 F.3d 1 (1st Cir. 2018), "a minor role shall not apply in cases such as this" and that there was "no way" that Castillo did not know "that there were 900 kilos of cocaine on the vessel." As to Castillo's family ties and responsibilities, the court stated that it "considered that and didn't think it was sufficient for a reduction." Castillo objected to these findings and timely appealed.

## II.

Castillo argues again on appeal that the district court procedurally erred by failing to apply an adjustment for his role

- 4 -

in the offense and a departure based on his family ties and responsibilities.[1]

We review claims of sentencing error for abuse of discretion. Arias-Mercedes, 901 F.3d at 5. Within that standard, we review findings of fact for clear error, the interpretation and application of the sentencing guidelines de novo, and judgment calls for abuse of discretion. United States v. Reyes-Torres, 979 F.3d 1, 7 (1st Cir. 2020).

A. The Minor Role Adjustment

USSG § 3B1.2(b) authorizes a two-level reduction in a defendant's offense level if he was a "minor participant in any criminal activity" for which he is being sentenced. A defendant must show that he is "substantially less culpable than the average participant in the criminal activity." Id. § 3B1.2, cmt. n.3(A). "Role-in-offense determinations are notoriously fact-specific" and "absent a mistake of law, battles over a defendant's status . . . will almost always be won or lost in the district court." Arias-Mercedes, 901 F.3d at 5 (citations and internal quotation marks omitted).

---

[1] Castillo also summarily states that these denials constituted substantive error. He has waived this argument by failing to adequately address the issue. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Castillo argues that the district court committed procedural error both by denying the minor role adjustment and by failing to explain "in a satisfactory manner . . . why it declined to grant the [] adjustment." These arguments fail.

As to Castillo's first argument, the district court did not err in denying Castillo a minor role adjustment. Here Castillo was one of a three-member crew on a small vessel and the amount of drugs was large. As explained in Arias-Mercedes, "[w]hen a person undertakes to provide material assistance in transporting a large quantity of drugs as a member of a tiny crew in a hazardous voyage at sea, it ordinarily will not be clear error for the sentencing court to refuse him a mitigating role adjustment." 901 F.3d at 8. Arias-Mercedes also forecloses Castillo's argument that the district court should have considered Castillo's role in the larger drug conspiracy rather than his role in transporting this particular batch of drugs, and the argument that Castillo was entitled to a minor role adjustment simply because he was not the captain of the vessel. See id. at 6.

We also reject Castillo's argument that the district court's explanation was insufficient. There is no requirement that the district court must list expressly the factors enumerated in Application Note 3(C) when it denies a defendant a minor role reduction. See United States v. Mendoza-Maisonet, 962 F.3d 1, 24-25 (1st Cir. 2020). The district court's comparison to Arias-

- 6 -

Mercedes and the statements that Castillo must have been aware of the quantity of cocaine on board were sufficient to "allow for meaningful appellate review" of the denial of the downward adjustment. Gall v. United States, 552 U.S. 38, 50 (2007).

B. The Family Ties and Circumstances Departure

Castillo next argues that the district court erred in refusing to grant a departure under USSG § 5H1.6 based on his "family ties and responsibilities." "As a general rule, a sentencing court's discretionary refusal to depart is unreviewable." United States v. Sanchez, 354 F.3d 70, 76 (1st Cir. 2004). Where, as here, the district court "knew he had the power to depart but deliberately chose not to do so," "we are foreclosed from second-guessing the court's discretionary decision not to depart from the [guidelines range]." United States v. Teeter, 257 F.3d 14, 30 (1st Cir. 2001); see also United States v. Louis, 300 F.3d 78, 81 (1st Cir. 2002) ("[A] district court's decision rejecting a downward departure is largely unreviewable."). Castillo is not entitled to relief on this ground.

**III.**

Affirmed.